## BENJAMIN TILGHMAN *vs.* WILLIAM CRUSON.

The purchaser of timber trees, at a collector's sale for taxes, is not bound to see that the proceedings are all regular.

It is enough if the sale is legally authorized; its regularity cannot be collaterally questioned.

Trespass being a wrong to the possession, a landlord cannot maintain this action for an entry on lands occupied by a tenant.

NEW CASTLE, November term, 1845. This was an action of trespass quare clausum fregit, for entering plaintiff's close, and cutting trees, &c. &c. The pleas were not guilty, and justification under the authority and direction of Auley Lore, who purchased thirty timber trees on the premises, at a collector's sale of said trees, made by Thomas Scott, collector of taxes for Appoqinimink hundred, to pay a balance of public taxes due from plaintiff; replications and issues.

*Mr. Whitely*, for plaintiff, contended that the defendant was not justified in taking these trees, under the collector's sale to Lore; and by the command of Lore; because the collector did not give lawful notice of the sale.

*Mr. Rodney*, replied, that in this collateral proceeding, the regularity of the collector's sale could not be inquired into ; nor could a purchase of timber at such sale, be made liable as a trespasser, for any irregularity in the collector's proceedings.

BOOTH, *Chief Justice.*—In the action of trespass the plaintiff must show that he was in possession when the trespass was committed ; and if the land is under lease to a tenant, the landlord cannot maintain trespass for entering and cutting trees; for this is an injury to the tenant's possession; and he must bring trespass, though the landlord might have another remedy. But if the lease reserves the timber land, the landlord being in possession may maintain this action.

The principal question is under the plea of justification by authority of a purchaser of the trees at the collector's sale, for payment of taxes. The law for the collection of taxes, *Dig.* 379, &c., authorizes a collector to levy and make the taxes from the tenant, or occupier of the premises, or in case such collector shall not be able to find goods or chattels of the tenant, or to collect the same from the tenant or occupier, to levy upon and sell so much of the timber or grass growing on the premises, as will be sufficient to satisfy the taxes and costs. The primary duty of the collector is

to levy the taxes out of such goods of the tenant as he may find; but if he find none, he is to proceed to sell the timber or grass growing, after giving notice in five or more of the most public and *convenient* places, having reference to the object of procuring a good sale, which would be effected rather by posting notices in the neighborhood, than at a distance.   But admitting there was some irregularity in the proceedings of the collector, for want of proper notices, or want of demand or levy on the tenant, the purchaser is not bound to inquire into these matters further than to know that the person selling had lawful authority for his proceeding, and not whether he was proceeding with perfect regularity.   It was so decided in the case of Williams *vs.* Hickman, 2 *Harr. Rep.* 463; which was the case of a purchaser at a constable's sale, where there had been no appraisement, the *Court* held that though an appraisement was necessary to the legality of the sale, the want of it would not affect the rights of a purchaser at such sale; much less make him, as is contended in this case, a trespasser for taking away the property purchased at the sale.

Verdict for defendant.

*Whitely*, for plaintiff.
*Rodney*, for defendant.